This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WILD HORSE OBSERVERS ASSOCIATION, INC.,**

Plaintiff-Appellant,

**v.**                                                      **No. A-1-CA-36011**

**NEW MEXICO LIVESTOCK BOARD,**

Defendant-Appellee,

**and**

**SUSAN BLUMENTHAL, ASH COLLINS, SUSAN COLLINS, JON COUCH, PETER HURLEY, JUDITH HURLEY, ZANE DOHNER, CAROLYN E. KENNEDY, LYNN MONTGOMERY, JOE NEAS, MIKE NEAS, AND PAMELA NEAS,**

Defendants by Intervention-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Steven K. Sanders and Associates, LLC
Steven K. Sanders
Albuquerque, NM

for Appellant

Hector H. Balderas, Attorney General
Ari Biernoff, Assistant Attorney General
Santa Fe, NM

for Appellee N.M. Livestock Board

Reynolds Law Office
David G. Reynolds
Placitas, NM

for Defendants by Intervention-Appellees

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}   Wild Horse Observers Association, Inc. (WHOA) appeals from the district court's order of dismissal without prejudice and disposing of all pending motions (the Order), entered on September 23, 2016. [4 RP 885-87] In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, WHOA filed a memorandum in opposition; the New Mexico Livestock Board (the Board) filed a memorandum in support; and Defendants by Intervention filed a memorandum in support. We have duly considered the responses, and for the reasons stated in the notice of proposed disposition and in this opinion, we affirm.

{2}   In its docketing statement, WHOA raised a single issue: "may a party submit an affidavit in support of a motion to dismiss and request the court to rely on that

2

affidavit and at the same time oppose and deny the opposing party discovery needed to test the information contained in the affidavit?" [DS 6] In our notice of proposed summary disposition, we proposed to affirm and stated:

> Based on our review of the record, it appears that WHOA's complaint concerned the horses in Placitas, and WHOA specifically asked for an order pertaining to "the Placitas horse herd[.]" [1 RP 1-19 (¶¶ 3, 8-9, 32-35, 40, 42, 45, 47-49, 59-63, 65-66, 71, 75)] It does not appear that WHOA made claims concerning horses statewide, and it does not appear that WHOA made claims regarding the "enticement" of the Placitas horses onto private lands. [*See generally* 1 RP 1-19] Moreover, it does not appear that WHOA filed an amended complaint to add such claims. Thus, we are not persuaded that WHOA was entitled to the discovery that it sought in its motion to open discovery. [*See* 4 RP 707-12] Accordingly, we propose to conclude that the district court did not abuse its discretion in denying WHOA's motion to open discovery.

[CN 6]

{3}     In its memorandum in opposition, WHOA continues to "argue[] that it was entitled to discovery to test the factual assertions of the [Board and Defendants by Intervention] and that the case was one of [statewide] significance affecting horses [statewide], not just horses in Placitas Open Space but on public lands near Placitas." [MIO 4; *see generally* MIO 3-9] Additionally, WHOA asserts that it did make claims regarding the "enticement" of the Placitas horses onto private lands. [MIO 9-10; *see also* 1 RP 13 (¶ 53), 14-15 (¶ 62(d)), 18 (¶ 3)] In its prayer for relief, WHOA asks this Court to "remand this action to the [d]istrict [c]ourt and allow discovery of the actions and practices of [the Board] throughout the state and that the Court allow discovery

3

of the actions of Defendants [by] Intervention in terms of enticing horses, capturing horses, moving horses, harassing horses, and allowing the [Board] to take possession of the horses without compliance with this Court's orders and certainly without DNA testing." [MIO 11]

{4} "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. With respect to WHOA's insistence that the allegations in its complaint demonstrate that this action involves the entire State of New Mexico, we are not persuaded. [*See generally* MIO 3-9] WHOA's memorandum provides no legal arguments or facts that this Court has not already considered or that persuade this Court that the complaint concerned statewide activities.

{5} With respect to "enticement" allegations, WHOA pointed out that it did allege the following:

> 53. On fenced and unfenced property, corrals have been set up with food and water to draw the wild horses away from nearby public lands and onto private land for impoundment and auction.
>
> . . . .
>
> 62. [The Board] and its agents are violating the Livestock Code by taking possession of the Placitas wild horses and selling them as if they were estray livestock. These violations include, but are not limited to:

4

. . . .

            d.      Unlawfully impounding, removing, and putting up
    for sale eight wild horses that reside on public lands but were
    impounded on private property by [the Board] and its agents.

[MIO 9-10; *see also* 1 RP 13 (¶ 53), 14-15 (¶ 62(d))] Notably, these allegations

pertain to the wild horses in Placitas [*See* 1 RP 12-15 (¶¶ 48-63)], while WHOA is

seeking discovery regarding horses statewide. [MIO 5, 11]

**{6}**      Based on the information before this Court, we cannot conclude that the district

court erred in concluding that the issues related to the Placitas horses are moot, that

there exists no reason for discovery in regard to the Placitas horses, and in denying

WHOA's motion to open discovery. [*See* 4 RP 885-86] Accordingly, for the reasons

stated in this opinion, as well as those provided in our notice of proposed disposition,

we affirm.

**{7}**      **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**STEPHEN G. FRENCH, Judge**


_____

5

**HENRY M. BOHNHOFF, Judge**